UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BARBARA J. RICCIO,

                Plaintiff,

     - against -

GENT UNIFORM RENTAL CORP.,

                Defendant.
----------------------------------------X

**OPINION AND ORDER**
06-CV-708 (SJF)(WDW)

FEUERSTEIN, J.

I.    Introduction

On February 9, 2006, *pro se* plaintiff Barbara J. Riccio ("Plaintiff") commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. Defendant Gent Uniform Rental Corp. ("Defendant") has moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff seeks leave to amend her complaint. For the reasons set forth below, Defendant's motion is denied and Plaintiff is granted leave to amend her complaint.

II.    Analysis

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 514 (2002). However, "[a] motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." In re European Rail Pass Antitrust Litig., 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (citations and internal quotation marks omitted). Accordingly, a motion for a more definite statement is only appropriate if the complaint does not provide a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure. See Home & Nature Inc. v. Sherman Speciality Co., Inc., 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004). Further, "[m]otions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit., No. MASTER FILE 1:00-189, MDL 1358, M21-88, 2005 WL 1500893, at *2 (S.D.N.Y. Jun. 24, 2005) (footnotes and internal quotation marks omitted).

Defendant requests that the Court direct Plaintiff to file a complaint containing a more definite statement of the facts and causes of action she asserts. Specifically, Defendant contends that the current complaint is devoid of numbered paragraphs, dates and/or approximate dates, the basis/bases of the discrimination claims, and a delineation of the injury Plaintiff claims to have suffered and what relief Plaintiff is seeking.

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff served Defendant with the Court's standard *pro se* employment discrimination complaint, a four (4) page statement describing the facts of her case,

and sixteen (16) pages of material relating to a complaint she filed with the New York State Division of Human Rights involving the same facts.

While far from a model of clarity, Plaintiff's complaint fulfills the minimal requirements of Rule 8. Plaintiff's claims are neither unintelligible nor so vague and ambiguous as to prejudice Defendant. Although Fed. R. Civ. P. 10(b) requires numbered paragraphs for "all averments of claim or defense," this defect in the complaint is purely one of form, does not impede Defendant's ability to respond, and results in no other discernible prejudice to Defendant. Further, by examining the complaint as a whole as well as additional material Plaintiff provided, Defendant can discern dates and approximate dates of events and the bases of the discrimination claims. Plaintiff's complaint identifies the offending parties and the prohibited acts they are alleged to have committed. It is also clear from the face of the complaint that the injury Plaintiff suffered is termination of her employment and that she is petitioning the Court for appropriate relief.

Defendant has been given fair notice of the claims against it, and therefore, Defendant's motion for a more definite statement is denied.

In her "affidavit/affirmation" in opposition to Defendant's motion, Plaintiff seeks leave to amend her complaint in order to correct certain errors and omissions. Pursuant to Fed. R. Civ. P. 15(a), permission is granted. The information provided in the amended complaint should further assist Defendant in formulating its answer.

III.   Conclusion

Accordingly, Defendant's motion for a more definite statement is DENIED. Plaintiff is granted leave to amend her complaint. Plaintiff is ordered to file her amended complaint by November 23, 2006.

IT IS SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: November 2, 2006
Central Islip, New York

Copies to:

Barbara J. Riccio, *Pro Se*
533 Gardners Avenue
Levittown, New York 11756

John N. Fath
110 North Ocean Avenue
Patchogue, NY 11772